IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Respondent,                          No. CR S-05-0101 GEB GGH P

    vs.

JOSE DELGADO-RODRIGUEZ,

        Movant.                            <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Movant, a federal prisoner proceeding pro se, has filed a motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. Movant states that he was indicted on a single count of a violation of Title 8 U.S.C. § 1326(a), being a deported alien found in the U.S., to which he pled guilty and received a 46-month sentence. Motion, p. 2.

        Under Title 8 U.S.C. § 1326(a), a prison term of not more than two years is authorized for a deported alien who re-enters the United States without special permission. <u>Id</u>. Movant objects to the application of § 1326(b)(2), which he contends was a 1998 amendment, authorizing a maximum prison term of 20 years for any alien described in § 1326(a). Motion, p. 3. It is movant's contention that because his indictment failed to set forth any aggravated felony conviction, he could not be sentenced to more than the two years authorized by § 1326(a).

\\\\\

> § 1326. Reentry of removed aliens
>
> (a) In general
> Subject to subsection (b) of this section, any alien who–
>
> **(1)** has been denied admission, excluded, deported, or removed or has departed the United States while an order of exclusion, deportation, or removal is outstanding, and thereafter
>
> **(2)** enters, attempts to enter, or is at any time found in, the United States, unless (A) prior to his reembarkation at a place outside the United States or his application for admission from foreign contiguous territory, the Attorney General has expressly consented to such alien's reapplying for admission; or (B) with respect to an alien previously denied admission and removed, unless such alien shall establish that he was not required to obtain such advance consent under this chapter or any prior Act,
>
> shall be fined under Title 18, or imprisoned not more than 2 years, or both.
>
> (b) Criminal penalties for reentry of certain removed aliens
>
> Notwithstanding subsection (a) of this section, in the case of any alien described in such subsection--
> (1) whose removal was subsequent to a conviction for commission of three or more misdemeanors involving drugs, crimes against the person, or both, or a felony (other than an aggravated felony), such alien shall be fined under Title 18, imprisoned not more than 10 years, or both;
> (2) whose removal was subsequent to a conviction for commission of an aggravated felony, such alien shall be fined under such Title, imprisoned not more than 20 years, or both;....

Petitioner recognizes the decision in <u>Almendarez-Torres v. U.S.</u>, 523 U.S. 224, 235, 118 S. Ct. 1219 (1998), governs this case but apparently seeks to have this lower court overrule a Supreme Court decision on the basis of dissenting opinions.  Motion, pp. 2-3.  In <u>Almendarez v. Torres</u>, a majority of Supreme Court justices found "that Congress intended to set forth a sentencing factor in [§1326] (b)(2) and not a separate criminal offense."  Movant's arguments otherwise, seeking to have the court reduce his sentence to 24 months are therefore unavailing and this motion should be summarily dismissed, pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.  Under Rule 4(b), "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior

proceedings that the moving party is not entitled to relief....", a § 2255 motion must be dismissed.

Accordingly, IT IS RECOMMENDED that this motion be summarily dismissed, pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, movant may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Movant is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 11/7/06                                    /s/ Gregory G. Hollows

  GREGORY G. HOLLOWS
  UNITED STATES MAGISTRATE JUDGE

GGH:009
delg0101.fr